Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6073 | **DATE** | 1/8/2004 |
| **CASE TITLE** | David Todd vs. Blair J. Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner David Todd's petition for habeas corpus is denied. Judgment is entered in favor of the respondent and against the petitioner. This case is hereby dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | JAN 0 9 2004 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 12 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| RO | courtroom deputy's initials | '04 JAN -9 AM 12:31 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID TODD, | ) | |
| | ) | |
| Petitioner, | ) | No. 03 C 6073 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| BLAIR J. LEIBACH,[1] Warden, | ) | |
| Danville Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

DOCKETED
JAN 0 9 2004

## MEMORANDUM OPINION AND ORDER

In 1999 a jury convicted David Todd of first-degree murder. He was sentenced to 40 years' imprisonment, and his conviction and sentence were affirmed on direct appeal. He also unsuccessfully instigated several rounds of post-conviction review in the Illinois courts. Todd now petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, his petition is denied. (R. 1-1.)

## RELEVANT FACTS[2]

On November 28, 1995, Canute McKenzie and Wayne Brown were in a car on the north side of Chicago. They were looking for a man nicknamed "Peanut" who allegedly had robbed McKenzie earlier in the day. Todd approached the car on the passenger side and Brown rolled

---

[1] Todd's petition named Victor Trancoso as Respondent. Mr. Trancoso is the assistant warden at the Illinois River Correctional Center, but Todd has since been moved to the Danville Correctional Center, where Blair Leibach is acting warden. Thus Leibach is the proper respondent, and the caption is amended accordingly. *See Szabo v. Walls*, 313 F.3d 392, 392 n.* (7th Cir. 2002).

[2] We presume that the factual determinations by the State court are correct. *See* 28 U.S.C. § 2254(e)(1). Accordingly, we rely on the facts set forth in the Illinois Appellate Court's decision in *People v. Todd*, No. 1-99-4022 (Ill. App. Ct. April 23, 2001) (R. 9, Def.'s Ex. C).

12

down the window. As Brown leaned over to turn down the stereo, he heard a loud explosion and saw Todd running away from the car towards an alley. Brown ran from the car and when he returned he saw that McKenzie was injured. Brown also saw that he had two bullet holes in the back and collar of his own jacket. McKenzie later died of a gunshot wound to the head. Two other witnesses placed Todd near the passenger side of the car prior to the gunshots. Defendant admitted to being in the area of the shootings on that night, but denied that he was the shooter. Todd, who testified at trial, stated that he twice spoke with Brown and McKenzie regarding the whereabouts of Peanut, but was walking away from the car towards his girlfriend's house when he heard the gunshots. He further testified that he did not see who fired the shots, but that several of his fellow gang members were on the street at that time.

During closing arguments at trial, the prosecutor reviewed the evidence presented by the State's witnesses and commented on their backgrounds and the fact that the State had not attempted to hide their convictions from the jury. Defense counsel strongly questioned the State's witnesses' credibility during closing arguments. In rebuttal, the prosecutor emphasized that the State's witnesses were "up front" about their criminal status. Specifically, the prosecutor stated "[b]ut what they all did is they came up and told you about it. Arlisa Nwokorie came in jail clothes. Wayne Brown came in jail clothes. They did not put a coat and tie on and dress up for you folks and try to change what they looked like when they're not in this courtroom." (R. 9, Def.'s Ex. C at 4.) The jury found Todd guilty of first-degree murder and the court sentenced him to 40 years' imprisonment.

Todd raised one issue in his direct appeal to the Illinois appellate court. He claimed that he was denied a fair trial by the prosecutor's remarks during closing argument because they

"strongly implied" that Defendant, unlike the prosecution's witnesses, tried to hide his true criminal nature by changing out of his jail clothing for trial. The Illinois appellate court rejected this argument and upheld Todd's conviction and sentence, holding that because the contested comments were made in response to defense counsel's attack on the State's witnesses' credibility, they fell within the permissible bounds of prosecutorial argument. And the court explicitly rejected Todd's contention that that the prosecutor implied that he should have worn jail clothing for trial. Finally, the court noted that the outcome of the trial would not have been different without the prosecutor's comments; Todd did not challenge the sufficiency of the evidence on appeal and the record demonstrated that the prosecutor's comments did not result in prejudice to Defendant.

Todd subsequently filed a petition for leave to appeal to the Illinois Supreme Court, raising two claims: (1) he was denied a fair trial when the prosecutor argued that he should have worn jail clothes for his trial; and (2) he was denied effective assistance of appellate counsel when his lawyer on appeal failed to raise trial counsel's failure to question state witness Arlisa Nwokorie about her potential hearsay testimony and to object to that testimony at trial. The Illinois Supreme Court denied Todd's petition in June 2001.

In July 2001 Todd filed his first of three petitions for post-conviction relief. (R. 9, Def.'s Ex. F.) In that petition he raised four issues: (1) ineffective assistance of trial counsel for failure to question Nwokorie about her alleged hearsay testimony; (2) ineffective assistance of trial counsel for failure to object to her hearsay testimony at trial; (3) ineffective assistance of appellate counsel due to counsel's failure to raise claims one and two on appeal; and (4) ineffective assistance of appellate counsel for failure to object to the prosecution's improper

3

impeachment of State witness Ian Duffy. On October 5, 2001, the Circuit Court of Cook County concluded that Todd's claims were "frivolous and patently without merit" and thus dismissed Todd's petition, holding that his claims failed to satisfy either prong of the Supreme Court's test in *Strickland v. Washington*, 466 U.S. 668 (1984).

Todd sought an appeal from the summary dismissal of his first post-conviction petition, and his appellate counsel moved to withdraw under *Pennsylvania v. Finley*, 481 U.S. 429 (1988), on the ground that there were no meritorious issues for appeal or post-conviction relief. Todd filed a *pro se* response to counsel's motion to withdraw, raising three trial court errors for review: (1) the circuit court failed to address his claim that he was denied effective assistance of counsel due to counsel's failure to question prosecution witness Nwokorie outside the presence of the jury regarding potential hearsay testimony; (2) the circuit court abused its discretion in dismissing the post-conviction petition as frivolous and without merit; and (3) the circuit court erred when it held that Todd's ineffective assistance of counsel claims did not satisfy either *Strickland* prong. On August 23, 2002, the Illinois appellate court granted counsel's motion for leave to withdraw and affirmed the circuit court's dismissal of Todd's post-conviction petition. Todd did not file a petition in the Illinois Supreme Court for leave to appeal the appellate court's decision.

Todd later filed two additional petitions for post-conviction relief, one on January 23, 2002, and the other on March 3, 2003. In both instances Todd sought to raise several new issues that had not been raised in his first petition; specifically, in his second petition Todd raised a new evidence-sufficiency argument. The circuit court rejected both successive petitions as waived and barred by the doctrine of *res judicata*. (R. 9, Def.'s Exs. L, T, Circuit Court Orders.) On

appeal of his second post-conviction petition (Todd did not appeal his third petition), the Cook County public defender who had been assigned the appeal again moved to withdraw under *Finley*. In his supporting brief, Todd's attorney noted that the petition was successive, that it was barred by the doctrines of waiver and *res judicata* and that Todd had failed to show that his initial petition was deficient in a way that would excuse his failure to bring the claim earlier. (R. 9, Def.'s Ex. N.) After carefully reviewing the record, counsel's brief and Todd's *pro se* response, the Illinois appellate court granted counsel's *Finley* motion to withdraw, "agree[ing] with counsel's evaluation" of the case. (*Id.*, Ex. P.)

On August 28, 2003, Todd filed the instant petition in this Court pursuant to 28 U.S.C. § 2254. He raises seven claims: (1) the prosecutor improperly impeached him with his post-arrest silence; (2) the prosecutor elicited improper hearsay during cross examination of Arlisa Nwokorie; (3) the trial court erred in admitting Ian Duffy's prior inconsistent statements as substantive evidence; (4) the evidence was insufficient to find Petitioner guilty of first-degree murder; (5) the prosecutor elicited improper testimony during redirect examination of Wayne Brown; (6) the prosecution made numerous improper comments during trial, closing argument and rebuttal; and (7) prosecutorial misconduct occurred at Petitioner's grand jury proceedings when the prosecutor presented misleading evidence and withheld material evidence. (R. 1, Petition.)

## ANALYSIS

As noted above, Todd brings this petition pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Before a federal court will consider a petition for a writ of habeas corpus on its merits, the petitioner must: (1) exhaust

all remedies available in state courts, 28 U.S.C. § 2254(b)(1)(A), and (2) fairly present any federal claims in state court first, or risk procedural default, *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). Exhaustion requires the petitioner to present his claims to the highest state court for a ruling on the merits. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Full and fair presentment requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." *Spreitzer v. Schomig*, 219 F.3d 639, 645 (7th Cir. 2000) (internal citation omitted). A petitioner's claim also may be procedurally defaulted when the prisoner fails to meet an adequate and independent state ground for decision, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when a claim could have been but was not brought before a state court and can no longer be asserted in that forum, *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992); *Centanni v. Washington*, 951 F. Supp. 1355, 1362 (N.D. Ill. 1997).

Notwithstanding a procedural default, habeas corpus review may still be available if the petitioner can show cause for the default and actual prejudice, or demonstrate that a failure to consider the claim will result in a fundamental miscarriage of justice. *Spreitzer*, 219 F.3d at 647; *Snyder v. Sternes*, 201 F. Supp. 2d 853, 856 (N.D. Ill. 2002). Respondent concedes that Todd fully exhausted his remedies by appealing his conviction to the Illinois Appellate and Supreme Courts, (R. 10, Def.'s Resp. at ¶ 14), but Respondent argues that each of Todd's claims are procedurally defaulted.

As an initial matter, we agree with Respondent that most of Todd's claims are procedurally defaulted for failure to raise them on direct appeal or in his first round of post-conviction relief, and also for failing to fully present them in at least one complete round of

review. As discussed in more detail below, the Illinois circuit court held that the claims raised in Todd's second and third post-conviction petitions were waived and barred under the doctrine of *res judicata*; thus those claims are barred from federal review as a procedurally defaulted claim based on an adequate and independent state ground. *Coleman*, 501 U.S. at 529-30. Therefore the following claims are procedurally defaulted because they were presented for the first time in Todd's third post-conviction petition, which the circuit court held to be an improper successive petition: (1) the prosecutor improperly impeached him with his post-arrest silence; (2) the prosecutor elicited improper testimony during a redirect examination of witness Wayne Brown; and (3) prosecutorial misconduct occurred at his grand jury proceedings when the prosecutor presented misleading evidence and withheld material evidence. Additionally, even were we to overlook the procedural default on the basis of an adequate and independent state ground with respect to these claims, they are nevertheless procedurally defaulted for failure to fully and fairly present them on appeal in his third post-conviction proceeding. That is, although Todd raised these claims in his third post-conviction petition to the circuit court, he failed to appeal the circuit court's dismissal of that petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, which in Illinois is a two-tiered system); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (applying *O'Sullivan* rule to post-conviction proceedings).

Todd's second and third claims—that the prosecutor elicited improper hearsay during the cross-examination of Arlisa Nwokorie and that the trial court erred in admitting witness Ian Duffy's prior inconsistent statements as substantive evidence—were presented as ineffective

7

assistance of counsel claims during his first post-conviction petition and thus are substantially different claims from the ones he raises here. But even if we were inclined to equate those ineffective-assistance claims with the present § 2254 claims, they likewise are procedurally defaulted for failure to file a petition for leave to appeal to the Illinois Supreme Court during the first post-conviction proceeding.[3] *White*, 192 F.2d at 608.

Thus, we are left with Todd's claim that the evidence was insufficient to find him guilty of first-degree murder and his claim that the prosecution made numerous improper comments during closing argument and rebuttal. The evidence-sufficiency claim was first raised in Todd's second post-conviction petition. Under Illinois law, this petition was an improper successive petition and the claims contained therein were waived and barred under the doctrine of *res judicata*. *See* 725 ILCS § 5/122-3; *People v. Smith*, 794 N.E.2d 367, 374 (Ill. App. Ct. 2003). "A federal court will not review a question of federal law decided by a state court if the decision

---

[3] Nor has Todd established cause and prejudice sufficient to excuse these defaults. In his reply, Todd claims that cause is established by the ineffective assistance of counsel that he received at trial and on appeal. (R. 11, Pet'r Reply at 6.) But the Supreme Court has held that the claim of ineffective assistance must be raised in state court before it can suffice on federal habeas relief as "cause" to excuse the default of another claim and that if the ineffective-assistance claim itself is procedurally defaulted, it may not serve as "cause" to excuse other procedural defaults. *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000); *Dellinger v. Bowen*, 301 F.3d 758, 766-67 (7th Cir. 2002). As noted above, *see supra* at 7, Todd's post-conviction ineffective-assistance claims were procedurally defaulted for failure to file a petition for leave to appeal to the Illinois Supreme Court; therefore, they may not establish cause for the procedural default of all of his other claims. Furthermore, although Todd claims he was prejudiced by these various alleged errors, (R. 11, Pet'r Reply at 8), we do not see how the alleged errors that Todd raises adversely impacted the outcome of his case. *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (stating that "prejudice is established if the issue not raised may have resulted in a reversal of the conviction or an order for a new trial," which means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised) (internal quotation omitted).

of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002) (*citing Stewart v. Smith*, 536 U.S. 856, 860-61 (2002)). The adequate and independent state ground doctrine bars federal habeas corpus review when a state court declines to address a prisoner's federal claims because the prisoner failed to satisfy a state procedural requirement. *Id.*; *see also Coleman*, 501 U.S. at 730-31. But as the Seventh Circuit has noted, "this doctrine will not bar habeas review unless the state court actually relied on the procedural default as an independent basis for its decision." *Moore*, 295 F.3d at 774. Thus, in *Moore* the Seventh Circuit concluded:

> [I]f the decision of the last state court to which the petitioner presented his federal claims fairly appears to rest primarily on the resolution of those claims, or to be interwoven with those claims, and does not clearly and expressly rely on the procedural default, we may conclude that there is no independent and adequate state ground and proceed to hear the federal claims.

*Id.* In *Moore*, the state appellate court merely noted that petitioner had waived the issue, but then resolved petitioner's ineffective assistance of counsel claim on the merits. Thus, the Seventh Circuit held that the appellate court's decision did not rest on an adequate and independent state ground and did not bar federal habeas corpus review. *Id.* at 774. Similarly, in *Wilkinson v. Cowan*, 231 F.3d 347 (7th Cir. 2000), the Seventh Circuit held that the adequate and independent state ground doctrine did not apply when the Illinois appellate court granted counsel's motion to withdraw during petitioner's post-conviction proceeding. *Id.* at 350. The Seventh Circuit reasoned that "any motion to withdraw pursuant to [*Finley*] necessarily implicates the merits of an appeal, because the premise of the motion is that the appeal is frivolous," which requires the

9

reviewing court to examine the record and determine whether there are any meritorious issues. *Id.* at 351.

In this case, Todd raised the evidence-insufficiency argument for the first time in his second post-conviction proceeding. As noted above, the circuit court rejected his successive petition as waived and barred by the doctrine of *res judicata*. (R. 9, Def.'s Exs. L, T, Circuit Court Orders.) On appeal, the Cook County public defender who had been assigned the appeal again moved to withdraw under *Finley*. In his supporting brief, Todd's attorney noted that the petition was successive, that it was barred by the doctrines of waiver and *res judicata* and that Todd had failed to show that his initial petition was deficient in a way that would excuse his failure to bring the claim earlier. (R. 9, Def.'s Ex. N.) After carefully reviewing the record, counsel's brief and Todd's *pro se* response, the Illinois appellate court granted counsel's *Finley* motion to withdraw, "agree[ing] with counsel's evaluation" of the case. (*Id.*, Ex. P.) Unlike *Wilkinson*, where the court held that no procedural default occurred when the appellate court affirmed the circuit court in the context of a *Finley* motion because the appellate court's determination was clearly merits-based, in the instant case the appellate court explicitly agreed with the reasoning in counsel's *Finley* brief, which rested on the procedural doctrine of waiver as the grounds on which no meritorious appeal could be based. Thus, because this claim was dismissed under an adequate an independent state procedural rule and because the Illinois appellate court affirmed the denial of Todd's second post-conviction petition on that basis, we hold that the claim is procedurally defaulted and barred from federal habeas corpus review.

Finally, Todd argues that the prosecutor made numerous improper remarks during trial and closing arguments. Portions of his prosecutorial-misconduct claim were raised for the first

time in his third post-conviction petition and thus are, for the reasons stated above, procedurally defaulted. But Todd's claim that the prosecutor's statements during closing arguments and rebuttal "strongly implied" that Petitioner, unlike the prosecution's witnesses, tried to hide his true criminal nature by changing out of his jail clothing for trial, were fully presented on direct appeal and are not otherwise procedurally defaulted.

Under AEDPA, we may grant a writ of habeas corpus only if Todd demonstrates that the state court's adjudication of the claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, *see* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000), or if the decision was premised on an unreasonable determination of facts, *see* 28 U.S.C. § 2254(d)(2). A state court's decision is "contrary to" Supreme Court precedent if "the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Williams*, 529 U.S. at 405-06. Under the second prong of § 2254(d)(1), habeas corpus relief is appropriate if a state court unreasonably applies the facts of the case to governing Supreme Court precedent. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 413.

Todd claims that he was denied a fair trial as a result of the prosecutor's statements, but does not in any way indicate that the Illinois appellate court's rejection of this arguments was contrary to, or an unreasonable application of, prevailing Supreme Court precedent. In fact, he fails to cite even one Supreme Court case. The Illinois appellate court reasonably held that because the contested comments were made in response to defense counsel's attack on the State's witnesses' credibility, they fell within the permissible bounds of prosecutorial argument.

11

And, as noted above, the court rejected Todd's contention that the prosecutor's remarks implied that he should have worn jail clothing for trial. Finally, the court noted that the outcome of the trial would not have been different without the prosecutor's comments. We see no basis for § 2254 relief arising from the Illinois appellate court's decision.

## CONCLUSION

For the foregoing reasons, we deny Todd's petition for habeas corpus. (R. 1-1.) The Clerk is instructed to enter final judgment pursuant to Federal Rule of Civil Procedure 58 against Petitioner.

ENTERED:

Judge Ruben Castillo
United States District Court

**Date: January 8, 2004**